IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK10-80032-TJM |
| ) | |
| HUSKER BOWL, L.L.C., ) | |
| ) | CH. 11 |
| Debtor(s) ) | |

ORDER

      Hearing was held in Lincoln, Nebraska, on February 2, 2010, regarding Filing #28, Motion to Approve Lease of Debtor's Personal Property, filed by the debtor; Filing #52, Amended Objection filed by Brunswick Corporation; Filing #53, Objection, filed by Omaha State Bank; Filing #36, Motion to Approve Sublease of Debtor's Lease of Real Property filed by the debtor; Filing #54, Limited Resistance, filed by Omaha State Bank; and Filing #39, Motion to Assume Lease or Executory Contract, filed by the debtor.

      Appearances:
      T. Randall Wright and John Andrew Sharp representing the debtor
      Robert Bothe representing Omaha State Bank
      Robert Ginn and Jonathan Aberman representing Brunswick Corporation
      Michael Whaley, Special Counsel
      Donald Furlow representing Allegiant Partners, Inc.
      Martin Pelster representing Allen Baer Revocable Trust

      The debtor is the lessee of a real estate lease dealing with improvements in the form of a family entertainment center including bowling lanes, restaurant facility, go-cart track and other entertainment venues. The improved real estate is owned by a related corporation, BowlNebraska, L.L.C. The debtor is also the owner of certain personal property, including bowling alleys and machinery, subject to one or more notes and security agreements. The facility, including the real estate improvements and the personal property, was used for a time as a family entertainment center doing business as Thunder Alley. The business ceased in June 2009 and the facility has been unused since that date.

      Omaha State Bank holds the first deed of trust on the property and BowlNebraska is a debtor on the obligation to the bank.

      The debtor has brought to the attention of the creditors and the court a business opportunity to get the facility reopened and generate a limited amount of revenue for a period of approximately 16 months. Two individuals, one of whom, Mr. Sempeck, has previously been involved as a manager of Thunder Alley and is a guarantor of the note obligation to the bank, and another individual, Mr. Overfield, who has extensive experience running a similar type of operation, propose to create an entity that would lease the real property improvements and the personal property. The entity would pay $11,000 a month for use of the personal property and $42,000 a month for the use of the real property. The individuals, Mr. Sempeck and Mr. Overfield, would personally guarantee the leases.

      The debtor has brought these motions, a motion to assume the underlying real estate lease with BowlNebraska, a motion to sublease the real estate to the proposed entity, and a motion to lease the personal property to the proposed entity. The motions are granted.

The bank has objected on a number of grounds. In addition, Brunswick Bowling & Billiards Corporation ("Brunswick"), the supplier of the bowling equipment and holder of a note and security interest concerning the bowling equipment, has also objected.

The bank suggests that the debtor cannot assume the real estate lease without curing all of the obligations under the lease. The lease requires an annual payment of $100 from the lessee to the lessor. However, in addition to that cash payment, the lessee is responsible for paying the real estate taxes. The real estate taxes have not been paid and they are delinquent for 2008 in the principal amount of $287,302.30 and the real property tax for calendar year 2009 is in the principal amount of $278,337.70. The 2009 real estate taxes are not due and payable yet, but they will be within a very short period of time. The debtor has proposed to treat the 2008 real estate taxes as a pre-petition obligation to be dealt with in a plan of reorganization or paid if the property is sold. It is the position of the debtor that the right to demand a full cure of the delinquency under the lease with regard to the taxes is held by the lessor, not the bank. The lessor has not objected to the assumption of the lease under the circumstances. The bank suggests that the harm to the estate if the assumption occurs without curing the tax obligation is that the county will have an administrative expense claim against the estate. That may well be true, but the county already has a first lien against the real estate that trumps all other parties and it does not need an administrative expense claim to take priority over all other parties in interest. The debtor is correct that a lease may be assumed without fully curing defaults if the lessor approves.

The debtor suggests that through the monthly rental payments it will obtain sufficient funds during the year 2010 to make complete payment of the 2009 real estate taxes.

The bank also suggests, however, that there are personal property taxes due for 2008 in the amount of $69,540.50 and for 2009 in the amount of $44,716.52. Distress warrants have been issued authorizing collection of those amounts. Collection of the personal property tax is stayed by the automatic stay of 11 U.S.C. § 362(a). There is no requirement under the Bankruptcy Code for the immediate payment of those taxes.

The bank also suggests that it is not being offered adequate protection of its interest in the real property. The debtor responds that there is no evidence in the record that the property is declining in value from the petition date which would require the debtor to make adequate protection payments. On the other hand, the debtor, at the hearing on the motion, offered to make adequate protection payments in cash or to pay the rental amounts received into a type of escrow account pending a determination of the amount of adequate protection that was actually required.

Brunswick is concerned that, prior to the hearing, no offer of adequate protection for its interest in the personal property collateral had been offered. However, at the hearing, counsel for the debtor informed the court that there were ongoing negotiations with regard to adequate protection payments to Brunswick and there was an offer on the table for an amount certain on a monthly basis or a payment of the rental receipts into an escrow account pending a determination of what the adequate protection needed to be.

The bank presented evidence of a market analysis performed concerning the value of the real property improvements compared to the capitalized value using the proposed rental of $42,000 a month. That market analysis suggested that the capitalized valuation shows that the rents are far below comparable rents for improved property and might even be below rents for unimproved

warehouse space. However, that market analysis does not take into consideration the fact that the proposed real estate lease is for a short period of time, approximately 16 months, and the lessee will be required to put out significant amounts of cash to get the operation started and continue. The debtor admits that the monthly lease amount is less than desired, but it at least provides some revenue to deal with ongoing debt obligations, thereby bringing benefit to the estate.

Both the bank and Brunswick suggest that allowing assumption of the lease and approving a real estate sublease and a personal property lease would be inappropriate because there is no financial information presented by the new entity lessee, nor from the individuals who will be guarantors of the leases. It is true that no financial information has been provided to the court or to the creditors concerning the ability of the proposed lessee and individual guarantors to fund the operations and make timely payments as required under the leases. However, today there is no money coming in the door. Approval of the leases gives the debtor a chance to generate revenues. If the leases are approved and the lessee and guarantors fail to perform, the debtor will have the right to exercise its state law remedies for collection of the rents and repossession of the property.

Both the bank and Brunswick are concerned that Mr. Sempeck, who left the employ of Thunder Alley and started a competing business in the same community, may do so once again, to the detriment of the debtor. However, that competing facility burned and is unusable at this time. Mr. Sempeck has a business interest in bringing his customers to the debtor's facilities so that the business from those customers is not lost to the community, to Mr. Sempeck or to the debtor. At the hearing, counsel for the debtor informed the court that Mr. Sempeck was willing to enter into a non-compete agreement for the first six months of the lease to assure the court and the creditors that he was not going anywhere and he was serious about operating this new business. Although the concerns of the bank and Brunswick are valid with regard to the potential competition that Mr. Sempeck could create, it is a fact that he is a guarantor of the real estate note to the bank and he would be required under the terms of the motions to be a personal guarantor of the leases. His incentive to make the business successful, both for himself and for the debtor, appears to be quite great.

Finally, the Bank has a motion to dismiss, or in the alternative, a motion requesting the court to determine that debtor BowlNebraska (Case No. BK09-83398-TJM), the real estate lessor, is a single asset real estate debtor, subject to the requirements of §362(d)(3). The Bank asserts that BowlNebraska, even with help from this debtor, will not be able to so comply. The Bank may be successful on some part of that motion, but the debtor and the potential lessees are apparently willing to proceed in the face of that possibility.

The standard for the debtor assuming a lease is a "business judgment" standard, which requires a determination that the transaction is in the best economic interest of the estate, based on the debtor's best business judgment under the circumstances. <u>Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)</u>, 107 F.3d 558, 567 n.16 (8th Cir. 1997); <u>In re Farmland Indus., Inc.</u>, 294 B.R. 903, 913 (Bankr. W.D. Mo. 2003). The debtor has submitted sufficient evidence and responsive argument to the objections to qualify under the business judgment test. Approval is in the best interest of creditors.

Regarding the personal property, the debtor has presented evidence that it can provide adequate protection for the interest of Brunswick and should be permitted to lease the Brunswick collateral outside the ordinary course of its business.

      IT IS ORDERED: The debtor's motions to assume the real estate lease (Fil. #39), approve the real estate sublease with guarantees (Fil. #36), and approve the personal property lease (Fil. #28), with guarantees, are granted.

      DATED:     February 8, 2010

                         BY THE COURT:

                         /s/ Timothy J. Mahoney
                         United States Bankruptcy Judge

Notice given by the Court to:
    *T Randall Wright
    *John Andrew Sharp
    Robert Bothe
    Robert Ginn
    Jonathan Aberman
    Michael Whaley
    Donald Furlow
    Martin Pelster
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.